**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CLARENCE DARRYL GARDNER,**

      **Petitioner,**

                             **CASE NO. 05-CV-74651-DT**
**v.**                               **HONORABLE DENISE PAGE HOOD**

**SHERRY BURT,**

      **Respondent.**

_____/

**ORDER GRANTING MOTION TO STAY PROCEEDINGS,**
**STAYING CASE WITH CONDITIONS, AND**
**CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

**I.**    **Introduction**

Petitioner, an inmate at the Southern Michigan Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree murder, arson, and possession of a firearm during the commission of a felony, which were imposed following a jury trial in the Wayne County Circuit Court in 2001. Petitioner was sentenced to life imprisonment without the possibility of parole on the murder conviction, a concurrent term of 14 to 60 months imprisonment on the arson conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

In his current habeas pleadings, Petitioner raises claims concerning the voluntariness of his police statements, the effectiveness of trial counsel, double jeopardy/jury instructions, and judicial bias. This matter is before the Court on Petitioner's "Motion to Stay Proceedings." Petitioner seeks to stay his habeas case so that he may return to the state courts and exhaust state remedies as to additional issues. Respondent has not filed a response to the motion. For the

1

reasons set forth below, the Court grants Petitioner's motion, stays the proceedings with conditions, and closes the case for administrative purposes.

## II.    Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising the claims contained in his present petition. The Court of Appeals affirmed his convictions and sentence. *People v. Gardner*, No. 238786, 2004 WL 177712 (Mich. App. Jan 29, 2004) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Gardner*, 471 Mich. 936, 690 N.W.2d 97 (Dec. 10, 2004).

Petitioner signed the instant habeas petition on December 5, 2005 raising the same claims presented to the Michigan appellate courts. This matter is before the Court on Petitioner's "Motion to Stay Proceedings" filed on February 3, 2006. Petitioner seeks to stay his habeas case so that he may return to the state courts to exhaust state remedies on additional claims concerning the legality of a search and his arrest, the denial of a motion to suppress his police statements, improper arraignment, denial of counsel at arraignment, improper bindover, prosecutorial misconduct, ineffective assistance of trial and appellate counsel, judicial misconduct, denial of right to proceed without counsel, denial of counsel of choice, and denial of access to the courts.

## III.    Discussion

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v.*

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has shown the need for a stay. While his current claims are exhausted, the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 10, 2004. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to

the statute of limitations, therefore, his convictions became final on or about March 10, 2005 --

90 days after the Michigan Supreme Court denied leave to appeal.  Petitioner signed the instant

petition on December 5, 2005.  Thus, he has at most three months remaining on the one-year

limitations period, assuming that the Court equitably tolls the time in which his current petition

has been pending.  *Cf. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal

habeas petition is not an "application for State post-conviction or other collateral review" within

the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period).  At least

some of the claims Petitioner seeks to exhaust in the state courts do not appear to be "plainly

meritless."  Further, Petitioner asserts that he did not previously raise the claims in the state

courts due to the ineffective assistance of appellate counsel, and there is no indication of

intentional delay by Petitioner.  Accordingly, the Court concludes that it has discretion to stay

this case pending Petitioner's return to the state courts to exhaust additional claims.

**IV.     Conclusion**

        Accordingly, for the reasons stated, the Court **GRANTS** Petitioner's motion to stay the

proceedings and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to

additional federal claims.  The stay is conditioned on Petitioner presenting his unexhausted

claims to the state courts within 90 days of this order if he has not already done so.  *See Hill v.*

*Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned on Petitioner's

return to this Court with an amended petition, using the same caption and case number, within 30

days of exhausting state remedies.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002)

(adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)).  Should

Petitioner fail to comply with these conditions, his case may be subject to dismissal.

Lastly, this case is **CLOSED for Administrative Purposes** pending compliance with these conditions.

**IT IS SO ORDERED**.


/s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:  September 18, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager